# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK M. SMITH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JOHN ZANONI,<br><br>　　　　Defendant. | Case No. 1:23-cv-01003-SAB (PC)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED AS DUPLICATIVE OF CASE NUMBER 1:23-CV-00961-SAB (PC)<br><br>(ECF No. 1) |

　　　　Plaintiff is proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Plaintiff filed the instant action on June 27, 2023.

　　　　On July 5, 2023, Plaintiff filed a civil rights complaint in Smith v. Zanoni, Case No. 1:23-cv-01003-SAB (PC).

　　　　As it appears that Plaintiff filed a complaint against the same defendant based on identical allegations in Smith v. Zanoni, Case No. 1:23-cv-01003-SAB (PC) (ECF No. 1), the Court will order Plaintiff to show cause why this case should not be dismissed as duplicative of Case No. 1:23-cv-01003.

**I.**

**DISCUSSION**

　　　　"Plaintiffs generally have 'no right to maintain two separate actions involving the same

subject matter at the same time in the same court and against the same defendant.' " Adams v. California Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977)), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).

"To determine whether a suit is duplicative, we borrow from the test for claim preclusion." Adams, 497 F.3d at 688. " '[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit.' " Id. (second alteration in original) (quoting The Haytian Republic, 154 U.S. 118, 124 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties ... to the action, are the same." Adams, 497 F.3d at 689; see also Serlin v. Arthur Anderson & Co., 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions.") (citation and internal quotation marks omitted).

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams, 497 F.3d at 688.

In the instant complaint, Plaintiff alleges that Fresno County officers delayed response disregarding time restraints hindered and chilled exhausting the administrative remedies. Officers have been aware of the poor living conditions in the unit, i.e., mold in the showers and cells, but not action has been taken in response to the numerous complaints. Officers intentionally mishandled and refused grievances that Plaintiff tried to submit.

On June 27, 2023, Plaintiff filed a complaint in this Court which is proceeding in Smith v. Zanoni, Case No. 1:23-cv-00961-SAB (PC). In both that action and in this action, Plaintiff names Sheriff John Zanoni as the sole Defendant and alleges there is black mold at the Fresno County Jail and his administrative grievances have been improperly denied.

///

As Plaintiff's claims appear to be identical to the claims Plaintiff brought in <u>Smith v. Zanoni</u>, Case No. 1:23-cv-00961-SAB (PC), the Court will order Plaintiff to show cause why this case should not be dismissed as duplicative of the claims brought in Case No. 1:23-cv-01003.

Accordingly, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall show cause why this case should not be dismissed as duplicative of Case No. 1:23-cv-01003; and

2. If Plaintiff fails to file a response to this order, the Court will issue Findings and Recommendations to a District judge, recommending dismissal of this action.

IT IS SO ORDERED.

Dated: **July 13, 2023**

UNITED STATES MAGISTRATE JUDGE

3